UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Hartford Casualty Insurance Company,

       Plaintiff,

v.                                                               Civil No. 06-655 (JNE/SRN)
                                                              ORDER
James R. Schwartz, D.D.S., P.A., and
James R. Schwartz,

       Defendants.

Robert E. Kuderer, Esq., Johnson & Condon, P.A., appeared for Plaintiff Hartford Casualty Insurance Company.

Carl J. Sommerer, Esq., Schultz & Sommerer, appeared for Defendants James R. Schwartz, D.D.S., P.A., and James R. Schwartz.

      This is an action for declaratory relief brought by an insurer, Hartford Casualty Insurance Company (Hartford), against its former insured, James R. Schwartz, D.D.S., P.A. (Schwartz Dental), and the insured's president and sole owner, James R. Schwartz (J. Schwartz). Hartford seeks a declaration that it owes no duty to defend or indemnify Schwartz Dental against J. Schwartz's claim for workers' compensation benefits. The case is before the Court on Hartford's motion for summary judgment.[1] For the reasons set forth below, the Court grants the motion.

---

[1] Hartford invoked the Court's jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) (2000) (amended 2005). Its jurisdictional allegations were deficient because it did not allege an amount in controversy. At the motion hearing, the Court directed Hartford to establish that the amount in controversy exceeded $75,000, exclusive of interest and costs, when this action commenced. Hartford timely submitted evidence establishing the requisite amount in controversy. *See James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005) (stating measure of amount in controversy for action seeking declaratory relief).

## I.    BACKGROUND

J. Schwartz is a dentist. He has been the president and sole owner of a dental practice, Schwartz Dental, since its inception in 1990. Hartford insured Schwartz Dental under workers' compensation policies from 2002 to 2006. Schwartz Dental did not elect to cover J. Schwartz under the policies. In November 2004, J. Schwartz allegedly experienced a *Gillette* injury.[2] In August 2005, he filed a claim petition with the Minnesota Department of Labor and Industry, Workers' Compensation Division. Several months later, Hartford brought this action.

## II.    DISCUSSION

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, Rule 56(e) requires the nonmoving party to respond by submitting evidentiary materials that designate "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

---

[2]   A *Gillette* injury takes its name from *Gillette v. Harold, Inc.*, 101 N.W.2d 200 (Minn. 1960). In that case, the Minnesota Supreme Court held that "an employee who is injured gradually by reason of the duties of employment and eventually becomes disabled is, under our workers' compensation law, no less the recipient of a compensable injury than one who suffered a single disabling trauma." *Steffen v. Target Stores*, 517 N.W.2d 579, 580 (Minn. 1994) (citing *Gillette*, 101 N.W.2d at 206).

*The policy and the Minnesota Workers' Compensation Act*

Under the policy in effect from February 2004 to February 2005 (Policy No. 21 WBG GC6708), Hartford agreed to "pay promptly when due the benefits required of [Schwartz Dental] by the workers compensation law" of Minnesota. Hartford had "the right and duty to defend at [its] expense any claim, proceeding or suit against [Schwartz Dental] for benefits payable by this insurance," but Hartford had "no duty to defend a claim, proceeding or suit that is not covered by this insurance."

Under the Minnesota Workers' Compensation Act, "[e]very employer is liable for compensation according to the provisions of this chapter and is liable to pay compensation in every case of personal injury or death of an employee arising out of and in the course of employment without regard to the question of negligence." Minn. Stat. § 176.021, subd. 1 (2006). The Act defines "employer" as "any person who employs another to perform a service for hire." *Id.* § 176.011, subd. 10. An "employee" is "any person who performs services for another for hire," including "an executive officer of a corporation, except those executive officers excluded by section 176.041." *Id.* § 176.011, subd. 9(7). Pursuant to section 176.041, the Act does not apply to "an executive officer of a closely held corporation having less than 22,880 hours of payroll in the preceding calendar year, if that executive officer owns at least 25 percent of the stock of the corporation." *Id.* § 176.041, subd. 1(g). A closely held corporation described in section 176.041, subd. 1(g), may nevertheless elect to provide insurance coverage for an executive officer who owns at least 25 percent of the corporation's stock. *Id.* § 176.041, subd. 1a(d). A person for whom coverage is elected is deemed an employee for purposes of the Act. *Id.* § 176.041, subd. 1a. "Notice of election of coverage . . . shall be provided in writing to the insurer." *Id.*

Here, it is undisputed that Schwartz Dental is a closely held corporation as described in section 176.041, subd. 1(g); that J. Schwartz is the president and sole owner of Schwartz Dental; and that Schwartz Dental did not elect coverage for J. Schwartz. Consequently, under the terms of the policy and the Act, Hartford has no duty to defend or indemnify Schwartz Dental against J. Schwartz's claim. J. Schwartz nevertheless argues that Hartford could cover his claim under the reasonable-expectations doctrine or estoppel.

*Reasonable-expectations doctrine*

In *Hubred v. Control Data Corp.*, 442 N.W.2d 308 (Minn. 1989), the Minnesota Supreme Court summarized the reasonable-expectations doctrine:

> [B]ecause of the unique circumstances surrounding a layperson's purchase of insurance, "the objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of insurance contracts will be honored even though painstaking study of the policy provisions would have negated those expectations." The doctrine does not remove from the insured the responsibility to read the policy but at the same time does not hold the insured to an unreasonable level of understanding of the policy. Other factors to be considered are the presence of ambiguity, language which operates as a hidden exclusion, oral communications from the insurer explaining important but obscure conditions or exclusions, and whether the provisions in a contract are known by the public generally. In short, the doctrine asks whether the insured's expectation of coverage is reasonable given all the facts and circumstances.

442 N.W.2d at 311 (citations omitted). "The question of whether or not the insured's expectations were 'reasonable' is ordinarily an issue of fact for the jury." *Wessman v. Mass. Mut. Life Ins. Co.*, 929 F.2d 402, 405 (8th Cir. 1991). In this case, J. Schwartz claims that he reasonably assumed he was covered because he "reviewed his policy when it was necessary"; the premium for the 2004-2005 policy was based in part on his salary; he has limited business experience; he received confusing documentation from Hartford; he was never informed of his need to elect coverage; and the election-of-coverage requirement is not generally known.

4

The record reveals that J. Schwartz read Schwartz Dental's workers' compensation insurance policies only after Hartford had denied his claim. He never read any of the policy applications. The policies issued by Hartford unambiguously identify Schwartz Dental as the insured. They identified the premium due as an "estimated annual premium." Hartford explained how it would calculate the final premium:

> The premium shown on the Information Page, schedules, and endorsements is an estimate. The final premium will be determined after this policy ends by using the actual, not the estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy. If the final premium is more than the premium you paid to us, you must pay us the balance. If it is less, we will refund the balance to you.

The 2003-2004 policy contained an estimated premium that included J. Schwartz's salary in its calculation. In February 2004, after the expiration of the 2003-2004 policy period, Schwartz Dental submitted a payroll report to Hartford. Hartford then calculated the final premium. Because Schwartz Dental had not elected coverage for J. Schwartz, Hartford excluded his salary from its calculation of the final premium. Hartford notified Schwartz Dental of the basis on which it had calculated the final premium and of the premium refund due. For the 2004-2005 policy period, Hartford calculated estimated and final premiums in the same manner. Although J. Schwartz characterizes his practical business experiences as "extremely limited,"[3] extensive business experience is not required to understand that Hartford owed Schwartz Dental a premium refund because Hartford did not cover J. Schwartz. Schwartz Dental had notice that Hartford did not cover J. Schwartz. Viewing the record in the light most favorable to J. Schwartz and Schwartz Dental, no reasonable factfinder could conclude that Schwartz Dental reasonably expected Hartford to cover J. Schwartz's claim.

---

[3] The Court notes that J. Schwartz owned and operated a dental practice for more than a decade before his alleged *Gillette* injury.

5

*Estoppel*

"The doctrine of estoppel may not be used to enlarge the coverage of an insurance policy." *Shannon v. Great Am. Ins. Co.*, 276 N.W.2d 77, 78 (Minn. 1979); *see, e.g.*, *Cont'l Cas. Co. v. Advance Terrazzo & Tile Co.*, 462 F.3d 1002, 1010 (8th Cir. 2006); *Minn. Commercial Ry. Co. v. Gen. Star Indem. Co.*, 408 F.3d 1061, 1063 (8th Cir. 2005); *Alwes v. Hartford Life & Accident Ins. Co.*, 372 N.W.2d 376, 379 (Minn. Ct. App. 1985) ("The *Shannon* principle intends to prevent insured persons from 'creating' coverage which does not exist."). For the reasons set forth above, Hartford has no duty to defend or indemnify Schwartz Dental against J. Schwartz's claim. Accordingly, the Court rejects J. Schwartz's attempt to expand coverage of Schwartz Dental's workers' compensation insurance policy to cover him.

Even if it were available, estoppel could not be successfully invoked in this case. As stated above, the record reveals that Schwartz Dental had notice that J. Schwartz was not covered before his alleged injury. Accordingly, J. Schwartz cannot obtain coverage through estoppel. *See Minn. Commercial Ry.*, 408 F.3d at 1063 (reciting elements of estoppel).

### III.   CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Hartford's Motion for Summary Judgment [Docket No. 8] is GRANTED.

2. Hartford has no obligation under Policy No. 21 WBG GC6708 to defend or indemnify Schwartz Dental against J. Schwartz's claim for workers' compensation benefits based on his November 2004 *Gillette* injury.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 18, 2007

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge